UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60021-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENNETH HASSELBACH,

    Defendant.

_____/

FILED by _____ D.C.

SEP 23 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE is before the Court sua sponte. On September 10, 2009, The Court held a hearing to determine whether Defendant was competent to stand trial. At the hearing, Dr. Allan Ribbler, an expert in neuropsychology, testified that Defendant could (1) understand the nature and consequences of the proceedings against him and (2) could properly assist in his defense. After his testimony, the Government moved for the Court to find Defendant competent to stand trial. Without objection, the Court granted the Government's motion and found the Defendant competent to stand trial. This order memorializes the Court's earlier finding.

On July 30, 2009, the Court held a hearing on the Government's Unopposed Motion to Continue Suppression Hearing (DE 55). At that hearing, it became apparent to the Court that the Defendant's present competency to stand trial was a potential issue. Consequently, the Court set a hearing to determine Defendant's present competency pursuant to 18 U.S.C. § 4241, which directs the following:

[T]he court . . . shall order . . . a [competency] hearing on its own motion, if there

is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

On September 10, 2009, the Court held a competency hearing. At the hearing, the defense called Dr. Allan Ribbler, a Florida licensed psychologist. Dr. Ribbler was offered, and received without objection, as an expert in neuropsychology.

Dr. Ribbler had examined Defendant using a number of tests, which were detailed at great length during the hearing. He gave his expert opinion on the issue of Defendant's current competency to stand trial as follows:

> Mr. Voluck: Based on your testing and your interviews can you say with a reasonable degree of neuropyschological certainty whether Father Hasselbach has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational as well as a factual understanding of the proceedings against him?
>
> Dr.Ribbler: He is able to give a report of all the events leading up to his arrest. What happened when agents came to his house, and, you know, got his computer, and took him downtown or [] met them at their office. So, he can relate that information; he can tell that story. And, apparently, he has told that story consistently to me, and to other people in the documents I've read. So, can he help his attorney in terms of relating those facts from his memory? Yes he can. . . . I really question whether he really understands in a rational way the impact of all of these things on his own life. . . . So his ability to understand the impact of his own behavior on his future is limited. Now, I'm not sure if that's really what you're asking.
>
> Mr. Voluck: Do you want me to repeat the question?
>
> Dr.Ribbler: Sure.
>
> Mr. Voluck: Based on your – and it's a long question but its based on legal criteria – based on your testing and interviews, can you say with a reasonable degree of neurospychological certainty whether Father Hasselbach has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as a factual understanding of the proceedings against him. . . .

2

> Dr.Ribbler: He can help his attorney as far as relating the facts of the case as he knows them. Can he give an independent contribution to any of the legal questions? Probably not, in fact I think he is really naive so far as the criminal justice system goes. And the second part, does he understand the proceedings against him?
>
> Mr. Voluck: I think you answered that. I could be wrong. Two questions, or actually the one question with two parts, was the ability to consult with his attorney -
>
> Dr.Ribbler: Consult with his attorney.
>
> Mr. Voluck: With a reasonable degree of rational understanding. And the answer is?
>
> Dr.Ribbler: Yes.
>
> Mr. Voluck: And whether he has a rational as well as a factual understanding about the proceedings against him.
>
> Dr.Ribbler: It's hard to give a yes or no to that. He's not always rational. The more abstract things get for him, proceedings take on a rather abstract quality. He doesn't have that.
>
> Mr. Voluck: Does that make it difficult for him to work with me in preparing his defense?
>
> Dr.Ribbler: It certainly could. when it comes to the nuance of the law or there are offers made to him or he has to weigh one option versus another. I think he's limited there.

After this testimony, the Government moved the Court to find Defendant competent to stand trial.

The defense did not object:

> Government: Yes, your honor, but, before I get to the cross examination I'd like to make a motion and ask that the Court find that the Defendant did not meet his burden by a preponderance of the evidence and establishing that the Defendant is incompetent to stand trial. This doctor, actually, has just said that he believes that Mr. Hasselbach is able to consult with his attorney and is able assist with his trial.
> . . .
>
> Court: That's true.
>
> Government: I don't see a reason why we should move forward with any other

3

questions.

Court: Do you want to respond to that?

Mr. Voluck: No, not really. I think your honor heard the testimony, read the reports, and listened to Dr. Ribbler.

"The legal test for competency is whether the defendant ha[s] 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and whether he ha[s] a 'rational as well as factual understanding of the proceedings against him.'" United States v. Nickels, 324 F.3d 1250, 1252 (11th Cir. 2003) (citing Dusky v. United States, 362 U.S. 402 (1960)). While the Court is sympathetic to Dr. Ribbler's hesitancy to give definite yes or no answers to psychological questions, the Court has no bona fide doubt as to the present competency of Defendant. United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986). Accordingly, based on the expert testimony of Dr. Ribbler, and without objection, the Court found that Defendant is presently competent to stand trial.

DONE AND ORDERED in chambers in West Palm Beach, Florida, in the Southern District of Florida, this 23 day of September, 2009.

_____
ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE